JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jason Ellis, appeals his sentence from the Cuyahoga County Court of Common Pleas. For the following reasons, we vacate his sentence and remand the matter for resentencing.
 {¶ 2} Ellis pled guilty to burglary, a felony of the first degree, and tampering with records, a felony of the third degree. He was sentenced to a total of six years in prison. After serving two years of his sentence, Ellis filed a pro se motion for leave to file a delayed appeal. This court granted that motion on February 9, 2006.
 {¶ 3} Ellis advances one assignment of error for our review:
 {¶ 4} "The trial judge erred in failing to articulate on the record why a sentence in excess of the statutory minimum was imposed."
 {¶ 5} In light of the recent decision of the Supreme Court of Ohio in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we vacate Ellis's entire sentence and remand the case for a new sentencing hearing.
 {¶ 6} The Foster court found that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. The Foster holding applies to all cases on direct review. Id. Because the trial court sentenced Ellis under unconstitutional statutory provisions, he must be resentenced.
 {¶ 7} On remand, the parties may stipulate to the sentencing court's acting on the record before it. Id. The trial court shall consider those portions of the sentencing code that are unaffected by Foster and has full discretion to impose a prison term within the statutory range. Id. The trial court is not barred from imposing consecutive sentences. Id.
 {¶ 8} Accordingly, we sustain Ellis's sole assignment of error.
Sentence vacated, case remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Nahra, J.,* Concur.
* Sitting by assignment: Judge Joseph J. Nahra, retired, of the Eighth District Court of Appeals.